# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARK GRISSOM,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **2:23-cv-00115-ACA** |
| ] | |
| **JOHN MERKLE,** *et al.*, ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Grissom alleges that while he was employed at the Tuscaloosa Veterans Affairs Medical Center, he raised numerous complaints about conditions at the medical center, which led to his firing. Proceeding *pro se*, Mr. Grissom filed an amended complaint asserting that ten defendants who work for the Department of Veterans Affairs violated his Thirteenth Amendment right. (Doc. 16).

Defendants move to dismiss the amended complaint. (Doc. 26). Because the court finds the Civil Service Reform Act precludes subject matter jurisdiction over this case, the court **GRANTS** the motion and **WILL DISMISS** the amended complaint **WITHOUT PREJUDICE**. The court **FINDS AS MOOT** Mr. Grissom's motion for the court to consider new public information. (Doc. 32).

I.   **BACKGROUND**

In deciding a motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Mr. Grissom worked as an Administrative Officer at the Tuscaloosa Veterans Affairs Medical Center. (Doc. 16 at 3 ¶ 3). While working there, he became aware of various problems at the medical center, including issues with radiology services and allegedly discriminatory conduct toward veterans, and reported those issues up the chain of command. (*Id.* at 13 ¶¶ 32–33). In July 2019, Mr. Grissom filed a complaint against many of the same defendants he names in this action. (*Id.* at 22–34 ¶¶ 59–67); *see also Grissom v. Wiggins*, No. 19-cv-1085-RDP (N.D. Ala. Dec. 9, 2019), (Doc. 1) (*Grissom I*). He asserted Racketeer Influenced and Corrupt Organizations Act ("RICO") and constitutional violations against those defendants. (Doc. 16 at 10 ¶ 23). In August 2020, Defendant Nathan Whitaker issued a certified removal recommendation in part because Mr. Grissom filed *Grissom I*. (*Id.* at 14 ¶ 37). In October 2020, Defendant John Merkle acknowledged that the August removal recommendation was "illegal" but issued another removal recommendation. (*Id.* at 15 ¶ 41). Mr. Grissom was terminated in January 2021. (*Id.* at 15 ¶ 43).

Mr. Grissom appealed his termination to the U.S. Merit Systems Protection Board ("MSPB") and appealed the MSPB's determination to the Court of Federal Appeals. (Doc. 16 at 16 ¶¶ 44–45).

In May 2021, *Grissom I* was dismissed without prejudice. *See Grissom v. Wiggins*, No. 19-cv-1085-RDP, 2021 WL 1791489, at *4 (N.D. Ala. May 5, 2021). In December 2021, Mr. Grissom filed a complaint against many of the same defendants he names in this action, alleging RICO and constitutional violations. *Grissom v. Merkle*, No. 21-cv-1633-ACA (N.D. Ala. Dec. 10, 2021), (Doc. 1) (*Grissom II*). In May 2022, *Grissom II* was dismissed without prejudice. *Grissom v. Merkle*, No. 21-cv-1633-ACA, 2022 WL 1670086, at *3 (N.D. Ala. May 25, 2022). In January 2023, Mr. Grissom filed this action. (Doc. 1).

## II.   DISCUSSION

Mr. Grissom filed this lawsuit against ten individuals who work at the Department of Veterans Affairs. (Doc. 16). He alleges Defendants terminated him in retaliation for filing *Grissom I* and *Grissom II*, and that retaliation subjected him to involuntary servitude in violation of the Thirteenth Amendment. (*Id.* at 17 ¶ 48, 21 ¶ 58). Although he asserts in passing that Defendants violated numerous other constitutional rights, he alleges only a single Thirteenth Amendment claim against each Defendant. (*Id.* at 22–34 ¶¶ 59–67; *see* doc. 30 at 21).

Defendants move to dismiss this action on the grounds that the court lacks subject matter jurisdiction over the claims because they are precluded by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq*. (Doc. 26). In the alternative, Defendants argue there is no *Bivens* remedy for a Thirteenth Amendment violation and special factors counsel against extending *Bivens* to this new context. (*Id.* at 8–9). And Defendants argue they are entitled to qualified immunity. (*Id.* at 9–11). Because the court finds the CSRA deprives this court of subject matter jurisdiction to address Mr. Grissom's claims, the court does not reach Defendants' other arguments.

"The CSRA established a comprehensive system for reviewing personnel action taken against federal employees." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (quotation marks omitted). An employee may challenge certain adverse employment actions, like termination, by appealing to the MSPB. *Id.* at 5–6. If an employee disagrees with the MSPB's determination, he may appeal the MSPB's final decision to the Court of Appeals for the Federal Circuit. *Id.* at 6. An employee is not entitled to additional review in a district court, even if he is asserting a constitutional challenge. *Id.* at 12, 15. If an employee's constitutional claims are the vehicle by which he seeks to reverse a removal decision and receive the compensation he would have earned but for removal, the CSRA nevertheless retains

near-exclusive jurisdiction in the MSPB and the Federal Circuit. *Elgin*, 567 U.S. at 22.

Although the Federal Circuit has near-exclusive jurisdiction to review MSPB decisions, a party that asserts an adverse employment action was retaliation for good-faith whistleblowing can appeal an MSPB decision in any court of appeals of competent jurisdiction, rather than exclusively in the Federal Circuit. 5 U.S.C. §§ 2302(b)(8); 7703(b)(1)(A)–(B); *Zummer v. Sallet*, 37 F.4th 996, 1004 (5th Cir. 2022).[1] But that exception does not permit district court jurisdiction. The CSRA does, however, have an exception that permits district court jurisdiction for federal employees seeking to challenge allegedly discriminatory adverse employment actions under specific federal statutes, such as Title VII. 5 U.S.C. § 7702(a); *Elgin*, 567 U.S. at 13.

Mr. Grissom's amended complaint challenges an adverse employment action that is within the exclusive jurisdiction of the MSPB, the Federal Circuit, or any other court of appeals of competent jurisdiction. He alleges that after he engaged in whistleblowing activities, Defendants retaliated against him by terminating him. Because his retaliation argument is a challenge to his termination—*i.e.*, an adverse employment action—it falls within the scope of the CSRA and remains in the

---

[1] Although this case is not binding authority, *see Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989), the court finds it persuasive.

MSPB's exclusive jurisdiction. *See Ferry v. Hayden*, 954 F.2d 658, 661 (11th Cir. 1992) ("The CSRA specifically lists reprisal for whistleblowing as a prohibited personnel practice.") (quotation marks omitted); 5 U.S.C. § 2302(b)(8)(A). Further, Mr. Grissom is seeking expenses he incurred leading up to and after his termination, including employment and retirement benefits, as well as income he would have earned had he not been terminated. (Doc. 16 at 18–21 ¶¶ 54–57, 36–37 ¶ 68; doc. 30 at 20–21 ¶ 27); *Elgin*, 567 U.S. at 22.

And because Mr. Grissom is asserting claims only under the Thirteenth Amendment, this case does not fit within any exception that would permit district court jurisdiction. (Doc. 16 at 22–35 ¶¶ 59–67; doc. 30 at 12 ¶ 8); 5 U.S.C. § 7702(a); *Elgin*, 567 U.S. at 13. The court therefore **GRANTS** Defendants' motion to dismiss the action.

Mr. Grissom also filed a motion for the court to consider new public information. (Doc. 32). The motion contains two articles from militarycorruption.com. (*Id.*). Because the court finds it lacks subject matter jurisdiction to hear this case, the court **FINDS AS MOOT** Mr. Grissom's motion for the court to consider new public information.

### III.  CONCLUSION

The court **GRANTS** Defendants' motion to dismiss and **WILL DISMISS** the action **WITHOUT PREJUDICE** for lack of jurisdiction. (Doc. 26). The court

**FINDS AS MOOT** Mr. Grissom's motion for the court to consider new public information. (Doc. 32).

      **DONE** and **ORDERED** this October 19, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE